IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| CHIMA AGIM,<br>TDCJ-CID No. 0870112,<br><br>　　　Plaintiff,<br><br>v.<br><br>ALFREDA CARREON, *et al.*,<br><br>　　　Defendants. | §§§§§§§§§§§ | 2:20-CV-211-Z-BR |

## MEMORANDUM OPINION
## DENYING MOTION FOR PRELIMINARY INJUNCTION

This matter comes before the Court on Plaintiff's motion for preliminary injunction, filed September 14, 2020 (ECF No. 7) ("Motion for Preliminary Injunction"). Plaintiff filed suit *pro se* while a prisoner incarcerated in the Texas Department of Criminal Justice ("TDCJ"), Correctional Institutions Division. Plaintiff has sought permission to proceed *in forma pauperis*. For the reasons discussed herein, Plaintiff's Motion for Preliminary Injunction is **DENIED**.

### FACTUAL BACKGROUND

Plaintiff asserts that Defendants used excessive force in violation of the Eighth Amendment on August 2, 2018. ECF No. 3, at 4. Plaintiff alleges he was "kidnapped" and was "used and continued to be used as a guinea pig against his will." ECF No. 7 at 1-2. Plaintiff seeks a Preliminary Injunction for inadequate access-to-the-courts, continued physical abuse at his TDCJ unit, and inadequate medical and mental health treatment. *Id*. at 2-4.

## LEGAL STANDARD

A federal court may issue a preliminary injunction to protect a plaintiff's rights until his or her case has been finally determined. *See* FED. R. CIV. P. 65(a); 11A CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 2941 (3d ed. 2020). To obtain a preliminary injunction, a movant must prove "(1) a substantial likelihood of success on the merits, (2) a substantial threat of irreparable injury if the injunction is not issued, (3) that the threatened injury if the injunction is denied outweighs any harm that will result if the injunction is granted, and (4) that the grant of an injunction will not disserve the public interest." *Robinson v. Hunt Country, Texas*, 921 F.3d 440, 451 (5th Cir. 2019) (citations omitted). A preliminary injunction is an extraordinary remedy requiring the applicant to unequivocally show the need for its issuance. *Sepulvado v. Jindal*, 729 F.3d 413, 417 (5th Cir. 2013) (internal marks omitted), *cert. denied*, 134 S. Ct. 1789 (2014). The party moving for a preliminary injunction must prove *all* four elements. *Benisek v. Lamone*, 138 S. Ct. 1942, 1943 (2018); *Doe v. Landry*, 909 F.3d 99, 106 (5th Cir. 2018).

## ANALYSIS

"An injunction is an extraordinary remedy and should not issue except upon a clear showing of possible irreparable harm." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). When a plaintiff requests injunctive relief that would require the court to interfere with the administration of a state civil commitment1 facility, "appropriate consideration must be given to principles of federalism in determining the availability and scope of equitable relief." *Rizzo v. Goode*, 423 U.S. 362, 379 (1976). In assessing whether injunctive relief serves the public interest, prison administrators must be afforded deference in the manner in which they operate the prison. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). An injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of

persuasion." *White*, 862 F.2d at 1211.

Plaintiff's claims for injunctive relief are now moot because he was transferred to an immigration holding facility and is no longer in TDCJ custody. *See* ECF No. 10. A transfer to another jurisdiction moots requests for injunctive relief that would require TDCJ to change their procedures. *See Haralson v. Campuzano*, 356 Fed. Appx 692, 695–96 (5th Cir. 2009) (prisoner's claim for injunctive relief based on his challenge to recreation policies applicable to inmates in the prison infirmary was rendered moot by his transfer from the infirmary; the "capable of repetition, yet evading review exception to mootness" did not apply because the possibility that he would be transferred back to the infirmary was "too speculative to warrant relief"); *Rivera v. Dawson*, No. 05–41565, 2007 WL 1223914 (5th Cir. Apr. 25, 2007); *Tamfu v. Ashcroft*, No. 02–10502, 2002 WL 31689212 (5th Cir. Oct. 30, 2002) ("Because Tamfu is no longer incarcerated at the Airpark or Flightline Units, any claims for declaratory or injunctive relief are moot."); *Stewart v. Warner*, Civ. Action No. 14–4759, 2014 WL 3498165, at *3 (E.D.La. July 15, 2014); *Ashford v. Gusman*, Civ. Action No. 12–87, 2012 WL 1019830, at *5 (E.D.La. Feb. 22, 2012), adopted, 2012 WL 1019170 (E.D.La. Mar. 26, 2012). Because Plaintiff's claims for injunctive relief are now moot, the Court no longer has subject matter jurisdiction to consider those claims.

CONCLUSION

For the reasons set forth above, it is **ORDERED** that Plaintiff's Motion for Injunction / TRO is **DENIED** as moot.

**SO ORDERED.**

June 14, 2021.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE

3